■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON BOWDEN, Appellant.—Judgment, Supreme Court, New York County (Jay Gold, J.), rendered May 23, 1990, convicting defendant, upon his plea of guilty, of three counts of attempted criminal possession of a controlled substance in the third degree, and sentencing him to concurrent prison terms of 3 to 6 years on each count, unanimously affirmed.

The trial court properly denied defendant's motion to withdraw his guilty plea without a hearing. At sentencing, defendant stated that he had been told that it would be "stupid" to take his cases to trial, but he did not establish that this blunt advice in any way coerced him into pleading guilty. Moreover, the plea colloquy clearly demonstrates that defendant's plea was knowing and voluntary. Accordingly, the court's limited inquiry was sufficient *(see, People v Frederick,* 45 NY2d 520, 525).

Defendant's claim that the trial court erred in not holding a hearing in regard to his predicate felony conviction is also without merit. When asked what challenge he was making to his prior conviction, defendant stated that he took the prior plea "with another lawyer by my side" that he "didn't have any evidence upon [the prior] case" that he "did something that I did not know what I was doing because I didn't know nothing about going to a law library at that time". In addi-

tion, defendant conceded that he had answered all the court's questions in the prior case and never sought to withdraw the plea. Defendant's vague comments raised no constitutional questions *(see, People v Adams,* 111 AD2d 397).

We have considered defendant's remaining contention and find it to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.