■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. MICHALEK, Appellant. [600 NYS2d 571] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of one count of scheme to defraud in the first degree (Penal Law § 190.65), eight counts of fraud in the sale of securities (General Business Law § 352-c [b]), one count of failing to file an offering prospectus (General Business Law § 352-e [1] [a]; § 359-g [2]) and one count of employing unfiled offering literature (General Business Law § 352-e [3]; § 359-g [2]). Defendant's conviction stems from his development of commercial properties in the Town of Orchard Park including the Tremont Square Mall and from his promotion and sale of bonds and promissory notes issued by his wholly-owned business entity, the Tremont Corporation.

There is no merit to defendant's contention that he was denied his right to counsel and improperly compelled to represent himself because the trial court refused to grant his request to adjourn the trial. It is well settled that a defen-

dant's right to be represented by counsel of his own choosing "is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings" *(People v Arroyave,* 49 NY2d 264, 271). "[T]he constitutional right to defend by counsel of one's own choosing does not bestow upon a criminal defendant the absolute right to demand that his trial be delayed while he selects another attorney to represent him at trial * * * Whether a continuance should be granted is largely within the discretion of the Trial Judge * * * and the question whether a defendant has been denied his right to retain counsel of his own choosing can only be answered by examining the particular facts of each case" *(People v Arroyave, supra,* at 271). Under the circumstances of this case, defendant was not denied his right to retain counsel of his own choosing and the trial court did not abuse its discretion in denying defendant's request to delay the trial.

Furthermore, the trial court did not abuse its discretion in refusing to admit documents regarding defendant's credit history during the cross-examination of a bank loan officer who testified for the prosecution. That evidence was not relevant to the issues in the case *(see, People v Barnes,* 109 AD2d 179, 183-184).

Defendant's conviction of failing to file an offering prospectus and using unfiled offering literature under counts 18 and 19 of the indictment is supported by legally sufficient evidence that the Tremont Corporation bonds were "participation interests or investments in real estate" (General Business Law § 352-e [1] [a]; *see also, All Seasons Resorts v Abrams,* 68 NY2d 81, 89-90; *Reiter v Greenberg,* 21 NY2d 388, 390).

Defendant's conviction, under count 15 of the indictment, of fraud in the sale of securities is supported by legally sufficient evidence and the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Additionally, the trial court did not abuse its discretion in denying defendant's motion for a mistrial *(see, People v Ortiz,* 54 NY2d 288, 292).

We conclude that there is no merit to defendant's contention that the court was required to conduct a hearing to fix the amount of restitution. The record was sufficient to allow the court to make a finding "as to the fruits of the offense" (Penal Law § 60.27 [2]; *see also, People v Welsher,* 154 AD2d 915, 916, *lv denied* 74 NY2d 952).

The trial court erred, however, in imposing the sentence on count 19 of the indictment to run consecutively to the sen-

tences on the remaining counts. Defendant's use of an unfiled offering prospectus, the criminal conduct charged in that count, "must run concurrently" with the sentences imposed upon defendant's conviction of scheme to defraud and fraud in the sale of securities (Penal Law § 70.25 [2]). Therefore, we modify the judgment by deleting therefrom the provision that the sentence imposed on count 19 run consecutively to the sentences imposed on counts 1 and 10 through 17, and by providing that the sentence on count 19 run concurrently with the sentences imposed on those counts.

We have reviewed defendant's remaining contentions and find them to be either unpreserved for our review or lacking in merit. (Appeal from Judgment of Erie County Court, La-Mendola, J.—Scheme to Defraud, 1st Degree.) Present—Denman, P. J., Pine, Balio, Doerr and Davis, JJ.