■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MARTUZAS, Appellant. [637 NYS2d 596] —Judgment unanimously affirmed. Memorandum: County Court did not err in denying the motion of defendant to withdraw his plea of guilty. The record supports the conclusions that defendant

understood the terms of the plea agreement and that the plea was entered knowingly, intelligently and voluntarily *(see, People v Ayers* [appeal No. 1], 192 AD2d 1134, *lv denied* 81 NY2d 1069; *People v Bowden,* 186 AD2d 362).

The court did not abuse its discretion in denying defendant's request that the court recuse itself *(see, People v Moreno,* 70 NY2d 403, 405-406). Absent a legal disqualification under Judiciary Law § 14 or a showing that the alleged bias affected the result, the issue of recusal is a matter left to the conscience of the court *(see, People v Moreno, supra,* at 405, 407; *People v Alnutt,* 172 AD2d 1061, *lv denied* 78 NY2d 1073; *People v Kinsman,* 144 AD2d 772, 774, *lv denied* 73 NY2d 1017).

The record does not support the argument that defendant was denied effective assistance of counsel. Defense counsel, an experienced trial attorney, made an omnibus motion and engaged in extensive negotiations on defendant's behalf, obtaining a favorable plea bargain that eliminated the possibility of consecutive sentences. Defendant's assertion that counsel was unwilling to proceed to trial is belied by the fact that jury selection was underway when defendant indicated his desire to enter a guilty plea.

The court did not err in denying defendant's motion for substitution of counsel, made on the first day of trial, as defendant demonstrated neither a compelling reason for the substitution nor that the substitution was not simply a dilatory tactic *(see, People v Rivera,* 201 AD2d 385, 386, *lv denied* 83 NY2d 914; *People v Michalek,* 195 AD2d 1007, 1008, *lv denied* 82 NY2d 807).

The sentence of 5 to 15 years' incarceration is neither unduly harsh nor severe, and we decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Jefferson County Court, Clary, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.