**Richard MARTUZAS, Petitioner,**

v.

**Edward REYNOLDS, Superintendent, Mohawk Correctional Facility, Respondent.**

Civil Action No. 96–CV–1083 (RSP/DRH).

United States District Court, N.D.New York.

Oct. 28, 1997.

88

Richard Martuzas, Marcy, NY, pro se.

Dennis C. Vacco, New York State Attorney General, Albany, NY (Keith E. Kammerer, Assistant Attorney General, of counsel), for Respondent.

## ORDER

POOLER, District Judge.

The above matter comes to me following a Report–Recommendation by Magistrate

Judge David R. Homer, duly filed on the 4th day of April, 1997. Following ten days from the service thereof, the Clerk has sent me the entire file, including any and all objections filed by the parties herein.

Petitioner Richard Martuzas, an inmate in the New York State Corrections system, filed a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Dkt. No. 1. Martuzas is serving a sentence of five to fifteen years following his plea of guilty to a New York State charge of criminal sale of a controlled substance. *Id.* ¶ 5. Martuzas claims that (1) he was denied effective assistance of counsel because his attorney failed to make an early motion for recusal and the attorney represented other defendants arrested in the same police investigation; (2) the judge should have recused himself; and (3) the judge should have permitted Martuzas to withdraw his plea. *Id.* ¶ 12.

The magistrate judge recommended that I deny Martuzas's application for a writ of habeas corpus. First, the magistrate judge found that the trial court judge's failure to recuse himself failed to rise to the level of a constitutional violation because Martuzas produced no evidence of actual bias, or violation of his due process rights. Report–Recommendation ("Rpt–Rec") at 5. Next, the magistrate judge found that Martuzas failed to demonstrate ineffective assistance of counsel because (1) counsel's failure to make a motion for the judge to recuse himself at an earlier time was not unreasonable and did not change the outcome and (2) counsel's representation of other defendants indicted separately and tried separately did not present a conflict of interest. Finally, the magistrate judge found that petitioner failed to allege a due process violation relative to the court's denial of his motion to withdraw the plea of guilty because the plea was knowing and voluntary. *Id.* at 10–12.

On April 15, 1997, Martuzas filed objections to the report-recommendation. The objections substantially re-state the arguments Martuzas has already stated in support of his claims. After careful review of all of the papers herein, including the Magistrate Judge's Report–Recommendation, and the objections submitted thereto, I approve the magistrate judge's report-recommendation.

■ It is well established that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). When a criminal defendant pleads guilty on the advice of counsel, he may not later collaterally attack the conviction based on a deprivation of constitutional rights which occurred prior to the plea. *Id.* at 266–67, 93 S.Ct. at 1607–08. The defendant "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [established] standards." *Id.* at 267, 93 S.Ct. at 1608. Thus, instead of examining the merits of the claims preceding the guilty plea, the court must determine only whether the defendant pleaded guilty intelligently and voluntarily with the advice of competent counsel. *United States v. Coffin,* 76 F.3d 494, 497–98 (2d Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 1445, 134 L.Ed.2d 565 (1996).

■ In the present case, Martuzas claims that his plea was not intelligent and voluntary because he received ineffective assistance of counsel. As the magistrate judge noted, where a petitioner contends that a guilty plea was the result of ineffective assistance of counsel, the petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). The first requirement is based on an objective standard of attorney competence. *Id.* at 58, 106 S.Ct. at 370. "The second, or 'prejudice,' requirement ... focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59, 106 S.Ct. at 370 (citations omitted).

Here, the magistrate judge found both that (1) Martuzas's counsel acted reasonably in not making a motion for recusal at an earlier time and in securing for Martuzas the plea bargain which Martuzas accepted; and (2) even if counsel had acted differently, there

was no evidence that those actions would have resulted in a more favorable outcome for Martuzas. Martuzas objects to the magistrate judge's finding that counsel acted reasonably but does not object to the finding that by not pleading guilty and going to trial Martuzas would not have fared better than he did pursuant to his plea of guilty. I find no error in the magistrate judge's conclusion that Martuzas fails to show prejudice. Because Martuzas fails to show prejudice, I do not consider his objections to the magistrate judge's finding that his counsel acted reasonably. *See Mitchell v. Scully,* 746 F.2d 951, 954 (2d Cir.1984) (where petitioner fails to demonstrate sufficient prejudice, court need not examine question of whether counsel rendered reasonably effective assistance). Consequently, I conclude that ineffective assistance of counsel did not render Martuzas's plea less than knowing and voluntary.

Martuzas also claims that his plea was not knowing and voluntary because he did not understand that the plea would result in a five to fifteen year sentence. The magistrate judge correctly concluded that because the trial court judge informed Martuzas of the minimum and maximum possible sentences that could result from his plea and then sentenced Martuzas within that range, the plea was knowing and voluntary. I find that the plea was knowing and voluntary and constituted a waiver of all prior non-jurisdictional constitutional defects. Consequently, Martuzas had no constitutional right to withdraw his plea and may not now challenge alleged constitutional infirmities in the proceedings which occurred prior to the plea.

As noted in the report-recommendation, in the absence of evidence of actual bias in the proceedings, petitioner fails to raise a constitutional claim relative to the judge's denial of the motion for recusal following the plea.

For the reasons stated herein, I approved the magistrate judge's report-recommenda-tion and deny petitioner's application for a writ of habeas corpus.

IT IS SO ORDERED.

## ORDER AND REPORT–RECOMMENDATION [1]

HOMER, United States Magistrate Judge.

Richard Martuzas, petitioner pro se and an inmate in the custody of the New York State Department of Correctional Services, pleaded guilty to the criminal sale of a controlled substance in the third degree in Jefferson County Court. He was sentenced to an indeterminate term of five to fifteen years imprisonment. Petitioner, having exhausted all available state remedies, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on three grounds: (1) the trial judge incorrectly denied petitioner's motion for recusal; (2) petitioner was denied the effective assistance of trial counsel; and (3) the trial judge erred in denying petitioner's motion to withdraw his guilty plea. For the reasons which follow, it is recommended that the petition be denied.

### I. Background

In November, 1993, a Jefferson County grand jury returned Indictment No. 523–93 (the first indictment), charging petitioner in two counts each with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The first indictment alleged that petitioner sold cocaine to an undercover police informant on October 6 and 7, 1993. RA 3–4.[2]

Prior to petitioner's arraignment on the first indictment, petitioner was again arrested and charged in Indictment No. 561–93 (the second indictment) with one count each of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third and fourth degrees. Petitioner was arraigned separate-

---

1. This matter was referred to the undersigned for report and recommendation by the Honorable Rosemary S. Pooler, United States District Judge, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

2. "RA" followed by a number refers to pages of the Record on Appeal in petitioner's state court proceedings, which was filed with the answer of respondent (Docket No. 6).

ly on each indictment and entered pleas of not guilty to all charges. PB 2.[3]

A trial on the first indictment commenced on May 16, 1994, before Jefferson County Court Judge, Lee Clary. On May 16, petitioner made oral motions for substitution of counsel and for the recusal of Judge Clary from the proceedings. Petitioner based the motions, respectively, on his attorney's failure to make an earlier motion for recusal and on the fact that petitioner had filed a formal complaint against Judge Clary in 1975 when Judge Clary, as a practicing attorney, represented petitioner on an appeals. Both motions were denied. RA 36–44.

Jury selection commenced. RA 45. Before jury selection was completed, petitioner pleaded guilty to criminal sale of a controlled substance in the third degree to satisfy the first indictment. RA 49–50. On July 19, 1994, petitioner appeared before Judge Clary for sentencing. At that time petitioner's counsel was formally substituted. His new attorney moved to vacate petitioner's May 16, 1994 guilty plea and renewed petitioner's motion for recusal. Petitioner also moved to vacate his guilty plea. RA 73–83. The court again denied both motions and sentenced petitioner to an indeterminate term of five to fifteen years imprisonment on the first indictment. RA 105–06.[4] The Appellate Division affirmed. *People v. Martuzas*, 224 A.D.2d 928, 637 N.Y.S.2d 569 (4th Dep't 1996). The Court of Appeals denied leave to appeal. 88 N.Y.2d 881, 645 N.Y.S.2d 456, 668 N.E.2d 427 (1996). This action followed.

## II. Discussion

### A. Recusal

■ A writ of habeas corpus cannot be granted unless there has been a violation of a petitioner's constitutional rights. *Brown v. Doe*, 2 F.3d 1236, 1249 (2d Cir.1993), *cert. denied*, 510 U.S. 1125, 114 S.Ct. 1088, 127 L.Ed.2d 403 (1994). Petitioner states that his due process rights were violated by

Judge Clary's failure to recuse himself. To constitute a due process violation, however, petitioner must show that the judge had a "direct, personal, substantial, pecuniary interest in reaching [the particular] conclusion against him in his case." *Tumey v. Ohio*, 273 U.S. 510, 523, 47 S.Ct. 437, 441, 71 L.Ed. 749 (1927). Where, as here, the basis for recusal lies within "matters of kinship, personal bias, state policy, [or] remoteness of interest," the determination whether a judge should be excused is best left to the discretion of the legislature. *Tumey v. Ohio*, 273 U.S. at 523, 47 S.Ct. at 441.

■ Petitioner bases his argument for recusal upon the fact that he filed a formal grievance against Judge Clary in 1975. However, this fact does not raise petitioner's allegation to a violation of constitutional dimension. The mere motion for recusal based upon an allegation of personal prejudice does not require a judge to step down. Judges are " 'sworn to administer impartial justice, and [their] authority greatly depends upon that presumption and idea.' " *Aetna Life Insurance Co. v. Lavoie*, 475 U.S. 813, 820, 106 S.Ct. 1580, 1585, 89 L.Ed.2d 823 (1986) (quoting 3 W. Blackstone, COMMENTARIES *361).

Even if the proceedings had occurred in federal court where a federal judge is required to disqualify himself "in any proceeding in which his impartiality might be reasonably questioned," the petitioner's claim would still fail. 28 U.S.C.A. § 455(a); *see Ungar v. Sarafite*, 376 U.S. 575, 587, 84 S.Ct. 841, 848–49, 11 L.Ed.2d 921 (1964) (judge not required to disqualify himself from post-trial contempt proceedings against witness who criticized judge during trial).

■ Petitioner's argument fails to qualify as a due process violation. It is not enough for petitioner to allege that Judge Clary may have been biased towards him. The fact that petitioner filed a formal grievance against

---

**3.** "PB" followed by a number refers to pages of petitioner's brief on appeal to the New York Appellate Division, which was filed with the answer of respondent (Docket No. 6).

**4.** The charges in the second indictment were not resolved on that date. On September 20, 1995, in satisfaction of that indictment, petitioner pleaded guilty and was sentenced to two to six years imprisonment by a different judge for the sale of cocaine, a class A–II felony. Petition (Docket No. 1), Ex. 5. Petitioner has raised no issues herein regarding that plea or sentence.

Judge Clary nineteen years earlier is not a situation where the average judge would be unable "to hold the balance nice, clear, and true between the state and the accused." *Ward v. Village of Monroeville,* 409 U.S. 57, 60, 93 S.Ct. 80, 82, 34 L.Ed.2d 267 (1972).

Therefore, in the absence of any evidence to indicate the petitioner's due process rights were violated, petitioner's contention on this ground should be denied.

### B. Ineffective Assistance of Counsel

Petitioner next alleges that he was denied the effective assistance of counsel when (1) counsel failed to make a timely motion for recusal, and (2) counsel represented three other defendants charged in connection with the same drug investigation.

### 1. Timeliness of Motion

A defendant's Sixth Amendment right to the effective assistance of counsel is violated only if (1) his attorney's performance was objectively unreasonable, and (2) there is a reasonable probability that, but for the attorney's deficiencies, the outcome would have been different. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Mayo v. Henderson,* 13 F.3d 528, 533–34 (2d Cir.), *cert. denied,* 513 U.S. 820, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994). A "reasonable probability" is one which undermines confidence in the outcome. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

First, petitioner claims he was prejudiced by his attorney's failure to move timely for recusal. To determine whether counsel's conduct was objectively unreasonable, however, a court must assess the attorney's conduct from the perspective of the attorney at the time the particular act or omission occurred. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Where, as here, petitioner has based his contention on counsel's failure to file or pursue a particular motion, courts consider the reasonableness of counsel's actions, *see Burress v. Henderson,* 814 F.Supp. 313, 324 (W.D.N.Y.1993) (counsel's failure to make a motion to suppress statements within scope of discretion accorded defense counsel); the legal soundness of the unfiled motion, *see*

*United States v. Goines,* 988 F.2d 750, 779–80 (7th Cir.), *cert. denied,* 510 U.S. 887, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993) (no ineffective assistance based on counsel's failure to file a motion to suppress cocaine where government demonstrated probable cause existed for search); and the sufficiency of counsel's performance in the context of counsel's entire representation, *see Mason v. Godinez,* 47 F.3d 852, 856 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 125, 133 L.Ed.2d 74 (1995) (no ineffective assistance from counsel's failure to file motion where counsel overall provided aggressive defense).

■ An attorney is not required to make a motion on every conceivable ground to provide effective assistance. *Burress,* 814 F.Supp. at 324; *United States v. DiTommaso,* 817 F.2d 201, 215 (2d Cir.1987). It is enough for counsel to have considered the probable success of such motion. *Id.*

■ Here, the record does not indicate that counsel acted unreasonably or that the motion for recusal would have been successful had it been filed earlier. First, Judge Clary considered the motion on its merits both before the guilty plea and again before sentencing. The motion was denied on both occasions on its merits, not for untimeliness. RA 41–44, 94–96. Moreover, since Judge Clary's failure to recuse himself was not an abuse of discretion rising to the level of a constitutional violation, counsel's failure to move sooner for recusal could not reasonably have undermined confidence in the outcome of the case or in the performance of petitioner's attorney.

■ However, even if counsel's failure to move for recusal sooner was unreasonable, it is still speculative that the outcome of the case would have been different. Evidence against petitioner included statements by the undercover police officers to whom petitioner sold cocaine, tape recordings of the transactions, as well as the cocaine itself. Given this evidence, even if it were error for counsel not to have moved sooner for recusal, it cannot be said that but for counsel's failure, petitioner would not have pleaded, or been found, guilty.

## C. Joint Representation

■ Petitioner further alleges that he was denied the effective assistance of counsel by a conflict of interest arising from his counsel's representation of three other defendants arrested in the same investigation but not charged in the same indictment. To establish this claim, petitioner must show by clear and convincing evidence that "his counsel actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). Petitioner has failed to meet this burden in either respect.

■ First, petitioner was the only defendant named in the indictment and was proceeding to trial separately when he pleaded guilty. By itself, then, the fact that his counsel represented other defendants arrested during the same investigation does not constitute the representation of others with conflicting interests. *Curry v. Burke,* 404 F.2d 65 (7th Cir.1968). The record here reveals only the simultaneous representation of separately charged defendants. Petitioner has thus failed to meet the first prong of this test.

■ Second, petitioner has failed to show that his counsel's performance was adversely affected by representation of the other defendants. Petitioner principally contends that the other defendants received more favorable plea offers, attributing his less favorable offer to his counsel's alleged conflict. However, it appears that petitioner's circumstances were aggravated by at least two factors. Petitioner had a substantial prior criminal record, RA 97–98, and he was arrested on new drug charges shortly after his arrest herein. Thus, even assuming a conflict existed, there is no indication that it ultimately affected the disposition of petitioner's case.

Accordingly, it is recommended that the petitioner's claim of ineffective assistance of counsel be denied.

## D. Withdrawal of Guilty Plea

Finally, petitioner asserts he should have been allowed to withdraw his plea of guilty because he did not understand the terms of the plea agreement.

As background, at the time of his guilty plea, petitioner was charged in Indictment No. 523–93 (the first indictment) in four counts concerning two drug sales. RA 3–4. All were class B felonies under New York law. *See* N.Y. Penal Law §§ 220.16 & .39 (McKinney Supp.1997). Each carried a maximum sentence upon conviction of imprisonment for twenty-five years. N.Y. Penal Law § 70.00 (McKinney Supp.1997). Petitioner was also charged in a second indictment, No. 561–93. The most serious count in that indictment was a class A–II felony which mandated a minimum sentence upon conviction of imprisonment for at least three years and established a maximum possible sentence of life imprisonment. *Id.*

During jury selection for the trial on the first indictment, petitioner advised that he wished to accept a plea offer previously made. RA 45–46. During the plea colloquy which followed, petitioner's counsel advised the court in petitioner's presence that the agreement included a provision that any sentence received on the guilty plea to a count of the first indictment would run concurrently to that imposed upon petitioner's guilty plea to a class A–II felony charge in the second indictment. The guilty plea to the count of the second indictment was to occur at a future date.[5]

Petitioner's guilty plea was then entered. Petitioner was represented throughout the proceeding by both Gary Miles and James McGraw, Esqs. Under oath he advised the court that he understood the terms of the agreement as stated in his presence, was

---

5. Petitioner was then free on bail. If petitioner had pleaded guilty to a class A–II felony on that date, New York law mandated he be remanded to custody. *See* N.Y.Crim.Proc. Law § 530.45 (McKinney 1995); RA 91. It was an element of the plea agreement that petitioner remain free on bail pending sentencing. RA 51. Accordingly, it appears that the parties agreed to postpone entry of the guilty plea to the class A–II felony charge in the second indictment until the date scheduled for sentencing on petitioner's plea to the class B felony charge in the first indictment and that petitioner would then be sentenced on both counts at the same time.

acting voluntarily, understood the maximum penalty which could be imposed and committed the offense charged. RA 46–54. The guilty plea was accepted. RA 54. Prior to sentencing, petitioner obtained new counsel and moved to vacate his guilty plea on the first indictment, contending he had not understood the terms of the agreement. The motion to vacate the plea was denied and petitioner was sentenced to five to fifteen years imprisonment. RA 72–109. Petitioner did not offer, and was not invited, to enter a guilty plea to any count in the second indictment at that time. *See* footnote 4 *supra.*

■ Ordinarily, a state judge's denial of a motion to withdraw a guilty plea is not subject to habeas corpus review, *United States ex rel. Irving v. Henderson,* 371 F.Supp. 1266, 1276–77 (S.D.N.Y.1974), unless such plea was not entered intelligently or voluntarily. *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). A plea is "intelligent" and "voluntary" when a defendant had the advice of counsel, understood the consequences of his plea, and the plea was not physically or mentally coerced, so that the defendant was able to weigh his options rationally. *Id.; Boykin v. Alabama,* 395 U.S. 238, 242–43, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969); *see also Miller v. Angliker,* 848 F.2d 1312, 1320 (2nd Cir.), *cert. denied,* 488 U.S. 890, 109 S.Ct. 224, 102 L.Ed.2d 214 (1988).

■ Petitioner contends only that his guilty plea was not intelligently entered because he was not advised that the actual sentence he would receive was five to fifteen years imprisonment. However, to comply with due process, "'with respect to sentencing, ... the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'" *United States v. Pearson,* 910 F.2d 221, 223 (5th Cir.1990).

The record reflects that petitioner was advised by the court that the minimum sentence he would receive would be five years imprisonment, RA 49, while the maximum possible penalty was twenty-five years imprisonment. RA 52. In addition, petitioner never asserted that had he known he would receive five to fifteen years imprisonment, he never would have entered a plea of guilty. *See Hunter v. Fogg,* 616 F.2d 55, 58 (2d Cir.1980) (the test to determine the validity of a state court guilty plea in the event of sentencing misinformation is whether the defendant was aware of actual sentencing possibilities, and, if not, whether he would have pleaded differently had he been provided accurate information). Thus, while disposition of the charges in the second indictment may have been left unresolved at that time, the essential terms and consequences of the guilty plea to the charge in the first indictment were stated and understood. *See Miller v. Angliker,* 848 F.2d at 1320 (due process requires only that defendant "had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way").

Therefore, petitioner's application on this ground should be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petitioner's application for a writ of habeas corpus be denied; and it is further

**ORDERED** that the Clerk serve a copy of this Report–Recommendation on the parties hereto by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

April 3, 1997.