■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERN R. BROWN, Appellant. [705 NYS2d 778] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that County Court's statements during a pretrial plea negotiation proceeding regarding a possible sentence indicated bias on the part of the court. In the absence of a violation of Judiciary Law § 14 or a showing by defendant that the court's alleged bias affected the result of the trial, the determination of defendant's motion for recusal was a matter left to the court's conscience, and the court did not abuse its discretion in deny-

ing the motion (*see, People v Smith*, 63 NY2d 41, 68, *cert denied* 469 US 1227, *reh denied* 471 US 1049; *People v Martuzas*, 224 AD2d 928, 929, *lv denied* 88 NY2d 881).

The contentions of defendant concerning the alleged legal insufficiency of the proof, both in his counsel's brief and his *pro se* supplemental brief, have not been preserved for our review because defendant failed to raise those contentions when he moved to dismiss the indictment (*see, People v Gray*, 86 NY2d 10, 19; *People v Gallow*, 171 AD2d 1061, *lv denied* 77 NY2d 995). We decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495), and the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Sirkin, J.—Assault, 2nd Degree.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.