■ In the Matter of ANGEL MALDONADO, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [707 NYS2d 920] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: The misbehavior report, together with petitioner's admissions, constitutes substantial evidence to support the determination that petitioner violated inmate rules 113.11 (7 NYCRR 270.2 [B] [14] [ii]) and 114.10 (7 NYCRR 270.2 [B] [15] [i]; *see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). Respondent concedes, however, that the determination of guilt of a third charge must be expunged. Petitioner has already served the penalty. Thus, we modify the determination and grant the petition in part by annulling the determination that petitioner violated inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i]) and directing that all references thereto be expunged from petitioner's institutional record. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pigott, Jr., P J., Pine, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE D. HENRY, Appellant. (Appeal No. 1.) [709 NYS2d 461] —Judgment unanimously affirmed. Memorandum: Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). We further conclude that County Court properly denied defendant's motion for substitution of counsel made on the first day of trial. Defendant did not present a compelling reason for substitution, and it appears that the request was simply a dilatory tactic (*see, People v Martuzas,* 224 AD2d 928, 929, *lv denied* 88 NY2d 881; *People v Rivera,* 201 AD2d 385, 386, *lv denied* 83 NY2d 914; *People v Michalek,* 195 AD2d 1007, 1007-1008, *lv denied* 82 NY2d 807). Defendant's further contention that the court's reasonable doubt charge lessened the People's burden of proof has not been preserved for our review (*see, People v Swift,* 241 AD2d 949, 950, *lv denied* 91 NY2d 881, 1013). In any event, the charge, viewed as a whole, conveyed the proper legal standard (*see, People v Swift, supra; People v Paris,* 229 AD2d 926, *lv denied* 88 NY2d 1070). We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Cayuga County Court, Corning, J.—Felony Driving While Intoxicated.) Present—Pigott, Jr., P. J., Pine, Scudder and Lawton, JJ.