■ In the Matter of ANGEL MALDONADO, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [707 NYS2d 920] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: The misbehavior report, together with petitioner's admissions, constitutes substantial evidence to support the determination that petitioner violated inmate rules 113.11 (7 NYCRR 270.2 [B] [14] [ii]) and 114.10 (7 NYCRR 270.2 [B] [15] [i]; *see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). Respondent concedes, however, that the determination of guilt of a third charge must be expunged. Petitioner has already served the penalty. Thus, we modify the determination and grant the petition in part by annulling the determination that petitioner violated inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i]) and directing that all references thereto be expunged from petitioner's institutional record. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pigott, Jr., P J., Pine, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE D. HENRY, Appellant. (Appeal No. 1.) [709 NYS2d 461] —Judgment unanimously affirmed. Memorandum: Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). We further conclude that County Court properly denied defendant's motion for substitution of counsel made on the first day of trial. Defendant did not present a compelling reason for substitution, and it appears that the request was simply a dilatory tactic (*see, People v Martuzas,* 224 AD2d 928, 929, *lv denied* 88 NY2d 881; *People v Rivera,* 201 AD2d 385, 386, *lv denied* 83 NY2d 914; *People v Michalek,* 195 AD2d 1007, 1007-1008, *lv denied* 82 NY2d 807). Defendant's further contention that the court's reasonable doubt charge lessened the People's burden of proof has not been preserved for our review (*see, People v Swift,* 241 AD2d 949, 950, *lv denied* 91 NY2d 881, 1013). In any event, the charge, viewed as a whole, conveyed the proper legal standard (*see, People v Swift, supra; People v Paris,* 229 AD2d 926, *lv denied* 88 NY2d 1070). We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Cayuga County Court, Corning, J.—Felony Driving While Intoxicated.) Present—Pigott, Jr., P. J., Pine, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE D. HENRY, Appellant. (Appeal No. 2.) [709 NYS2d 463]

—Judgment unanimously affirmed. Same Memorandum as in *People v Henry* (272 AD2d 921 [decided herewith]). (Appeal from Judgment of Cayuga County Court, Corning, J.—Felony Driving While Intoxicated.) Present—Pigott, Jr., P. J., Pine, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CRUZ, Appellant. [709 NYS2d 717] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of, *inter alia*, criminal trespass in the first degree (Penal Law §§ 20.00, 140.17 [3]), defendant contends that Supreme Court committed reversible error in its charge with respect to criminal trespass by refusing to instruct the jury that it must find that the shotgun recovered at the scene was operable.

Penal Law § 140.17 (3) requires, in relevant part, that a defendant know that another participant in the crime possesses "a firearm, rifle or shotgun under circumstances described in subdivision two." Pursuant to subdivision (2), a person is guilty of criminal trespass in the first degree if, *inter alia*, he possesses "a firearm, rifle or shotgun, as those terms are defined in section 265.00, and also possesses or has readily accessible a quantity of ammunition which is capable of being discharged from such firearm, rifle or shotgun." "[A] firearm within the meaning of Penal Law § 265.00 (3) must be found operable" (*People v Ramsey*, 124 AD2d 835, *lv denied* 69 NY2d 885; *see generally, People v Longshore*, 86 NY2d 851, 852).

Criminal trespass in the first degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree refer to firearms, rifles or shotguns as those terms are defined in section 265.00 of the Penal Law (*see,* Penal Law § 140.17 [2]; § 155.30 [7]; § 165.45 [4]). Courts have interpreted the phrase "as defined in section 265.00" to require operability for a conviction of grand larceny in the fourth degree (*see, People v Ewing*, 172 Misc 2d 120, 121-122) and of the former criminal possession of stolen property in the second degree, which is now the equivalent of criminal possession of stolen property in the fourth degree (*see, People v Burdash*, 102 AD2d 948, 949 [citing Penal Law former § 165.45 (4)]). We perceive no reason not to adopt that interpretation with respect to criminal trespass in the first degree.

Although the court erred in refusing to instruct the jury on the operability requirement with respect to criminal trespass, the error is harmless. The jury necessarily found that the weapon was operable when it found defendant guilty of criminal possession of a weapon in the third degree (Penal Law