In the Matter of DAVID A. McHANEY, Petitioner, v HORACE ALBAUGH, as Superintendent of Cape Vincent Correctional Facility, Respondent. [720 NYS2d 874] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: Petitioner challenges the determination, following a Tier II prison disciplinary hearing, finding him guilty of violating inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i]) and 116.10 (7 NYCRR 270.2 [B] [17] [i]). The misbehavior report, together with the testimony of its author and another inmate, constitutes substantial evidence to support the determination that petitioner violated inmate rule 116.10 (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139). Respondent concedes, however, that the determination that petitioner violated rule 106.10 is not supported by substantial evidence (*see, Matter of Maldonado v Goord*, 272 AD2 921). We therefore modify the determination and grant the petition in part by annulling the determination that petitioner violated inmate rule 106.10. Because the penalty has already been served and there was no recommended loss of good time, there is no need to remit the matter for reconsideration of the penalty imposed (*see, Matter of Spaight v Goord*, 258 AD2d 935, 936, *lv denied* 93 NY2d 807). Petitioner raises several other issues concerning the propriety of the misbehavior report and the manner in which the hearing was conducted. Because petitioner failed to raise those issues in his administrative appeal, he failed to exhaust his administrative remedies with respect to them, and this Court has no discretionary power to reach those issues (*see, Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Jefferson County, Gilbert, J.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Kehoe and Lawton, JJ.