■ In the Matter of ROLAND JONES, Appellant, v JAMES BERBARY, as Superintendent of Collins Correctional Facility, et al., Respondents. [723 NYS2d 742] —Judgment unanimously affirmed without costs. Memorandum: Petitioner was released to parole supervision on December 1, 1997, while serving an indeterminate term of incarceration of 1½ to 3 years and was arrested on a charge of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) on February 6, 1998. Petitioner posted bail and was released. He was declared delin-

quent with respect to parole on February 10, 1998. Petitioner apparently absconded with respect to both the new charge and parole. On April 10, 1998, petitioner was taken into custody on the new charge. On July 23, 1998, petitioner pleaded guilty to a parole violation and a penalty of time served plus an additional 90 days was imposed. On November 30, 1998, the Board of Parole restored petitioner to parole effective October 23, 1998. Thereafter petitioner pleaded guilty to the new charge and was sentenced on March 16, 1999 to an indeterminate term of incarceration of 4½ to 9 years. On April 2, 1999, petitioner was returned to the custody of the Department of Corrections. On April 23, 1999, the determination to restore petitioner to parole effective October 23, 1998 was rescinded.

Although petitioner was entitled to a hearing before his parole release was rescinded, he suffered no prejudice from the failure to hold a hearing because his parole was automatically rescinded by operation of law on the date he was given an additional indeterminate sentence on a new felony charge (*see,* Executive Law § 259-i [3] [d] [iii]; *see also, People ex rel. Harris v Sullivan,* 74 NY2d 305, 308; 9 NYCRR 8002.5 [b] [4] [iii]).

We further conclude that respondents have properly determined that petitioner is not entitled to any parole jail time credit under Penal Law § 70.40 (3) (c). Parole jail time credit is limited to the portion of the time an inmate spent in custody from the time of the delinquency to the time service of the sentence resumes provided that the custody was due to an arrest or surrender based on the delinquency, that the custody arose from an arrest on another charge that culminated in a dismissal or an acquittal (Penal Law § 70.40 [3] [c] [i], [ii]), or that the custody arose from an arrest on another charge that culminated in a conviction, "but in such case, if a sentence of imprisonment was imposed, the credit allowed shall be limited to the portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction" (Penal Law § 70.40 [3] [c] [iii]). The sentence imposed on the new conviction was 4½ to 9 years, and thus petitioner did not spend any time in custody that exceeded the maximum term of imprisonment imposed on the new conviction. Thus, petitioner is not entitled to any parole jail time credit (*see, People v Hanna,* 219 AD2d 792, 793). (Appeal from Judgment of Supreme Court, Erie County, D'Amico, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Burns, JJ.