■ In the Matter of ALFRED BLANCHE, Petitioner, v BRION D. TRAVIS, as Chairman of New York State Division of Parole, Respondent. [760 NYS2d 919] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Wyoming County (Dadd, J.), entered December 10, 2002, seeking review of the rescission of petitioner's open parole release date.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs, the petition is granted, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Respondent correctly concedes in this CPLR article 78 proceeding that the Board of Parole (Board) erred in rescinding petitioner's open parole release date in reliance upon findings of guilt with respect to two charges in a prison disciplinary proceeding that were reversed and expunged on administrative review. "The Board is empowered to rescind a decision granting an open parole release date when there is substantial evidence that an inmate has committed 'significant misbehavior[,]' including the violation of a prison disciplinary rule" (*Matter of Bishop v Smith*, 299 AD2d 777, 778 [2002]). Here, although there was substantial evidence supporting the finding of guilt on one of the three charges (*see e.g. Matter of McHaney v Albaugh*, 280 AD2d 963 [2001], *lv denied* 96 NY2d 716 [2001]), the Board should not have considered the findings of guilt on the two remaining charges that were subsequently reversed and expunged, or the conduct underlying such charges (*see Matter of Garrett v Coughlin*, 128 AD2d 210, 212-213 [1987]). As respondent further correctly concedes, it is impossible to ascertain whether the Board would have reached the same determination had it not considered the charges that were re-

versed and expunged. We therefore annul the determination, grant the petition, and remit the matter to respondent for a de novo hearing before a different panel of the Board, which will consider only the sustained charge in determining whether to rescind petitioner's open parole release date (*see Matter of Quartararo v New York State Div. of Parole,* 224 AD2d 266 [1996], *lv denied* 88 NY2d 805 [1996]; *see also Matter of King v New York State Div. of Parole,* 190 AD2d 423, 434-435 [1993], *affd* 83 NY2d 788 [1994]; *Matter of Rentz v Herbert,* 206 AD2d 944, 945 [1994], *lv denied* 84 NY2d 810 [1994]). Present— Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.