■ In the Matter of ALFRED BLANCHE, Petitioner, v ROBERT DENNISON, as Chairman of New York State Division of Parole, Respondent. [805 NYS2d 497]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered April 26, 2005) to review a determination of respondent. The determination rescinded petitioner's open parole release date after a hearing.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs and the amended petition is granted.

Memorandum: In this CPLR article 78 proceeding, petitioner contends that the Board of Parole (Board) erred in rescinding his open parole release date because, in doing so, the Board failed to follow its own rules and regulations. We agree. When this matter previously was before us, we annulled the determination rescinding petitioner's open parole release date based on findings of guilt with respect to three charges, concluding that the Board erroneously relied on findings of guilt with respect to two charges that had been reversed and expunged (*Matter of Blanche v Travis*, 306 AD2d 888 [2003]). Because we could not ascertain whether the Board would have reached the same determination had it not considered the charges that had been reversed and expunged, we "remit[ted] the matter to respondent for a de novo hearing before a different panel of the Board, which will consider *only* the sustained charge in determining whether to rescind petitioner's open parole release date" (*id.* at 889 [emphasis added]). On remittal, however, respondent filed a new rescission report with the charge previously sustained as well as a new charge. Following a hearing, the Board dismissed the charge previously sustained but found petitioner guilty of the new charge. We agree with petitioner that the Board failed to follow the proper procedures in issuing a new rescission report containing a new charge. When a rescission report is issued, the report must be submitted to a member of the Board who, upon review of the report, must determine whether a rescission hearing is warranted (*see* 9 NYCRR 8002.5 [b] [3], [4]).

That procedure was not followed in this case, and petitioner was prejudiced thereby because he was not afforded the process he was due with respect to the new charge (*cf. Matter of Jones v Berbary*, 283 AD2d 955 [2001]). Because the charge that was the basis for our remittal was dismissed, no further proceedings on that charge are appropriate. Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.