█  In the Matter of Lu Po-Yen, Respondent, v Robert Dennison, Appellant. [812 NYS2d 893]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Executive Department of the New York State Division of Parole dated October 4, 2004, which affirmed a determination of the Parole Board dated October 15, 2003, made after a hearing, denying the petitioner's application to be released to parole, the appeal is from a judgment of the Supreme Court, Orange County (Slobod, J.), dated April 12, 2005, which, inter alia, granted the petition and annulled the determination.

Ordered that the judgment is affirmed, without costs or disbursements.

A parole determination may be set aside only when a parole board's determination to deny early release evinced "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *Matter of Briguglio v New York State Bd. of Parole*, 24 NY2d 21, 29 [1969]). The burden is on the petitioner to make a convincing demonstration of entitlement to such relief (*see Matter of McLain v New York State Div. of Parole*, 204 AD2d 456 [1994]). The petitioner satisfied that burden here.

A parole board may consider conduct of which an inmate was not convicted when there is a basis in the record, including the presentence report, for doing so (*see Matter of Williams v Travis*, 11 AD3d 788, 790 [2004]). There was no such basis here. Moreover, the record with respect to the other factors that the parole board must consider pursuant to Executive Law § 259-i (*see Matter of Wallman v Travis*, 18 AD3d 304, 307 [2005]; *Matter of King v New York State Div. of Parole*, 190 AD2d 423, 432 [1993], *affd* 83 NY2d 788 [1994]; *Cappiello v New York State Bd. of Parole*, 6 Misc 3d 1010[A], 2004 NY Slip Op 51762[U] [2004]) was not otherwise "sufficiently detailed to permit intelligent judicial review of the grounds for the [parole board's] denial of parole release" (*Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]; *see Matter of Wallman v Travis, supra* at 308; *Matter of King v New York State Div. of Parole, supra* at 433). Accordingly, the Supreme Court correctly, inter alia, granted the petition and annulled the challenged determination (*see Matter of Blanche v Travis*, 306 AD2d 888 [2003]; *Matter of Lichtel v Travis*, 287 AD2d 837, 838 [2001]; *Matter of King v New York State Div. of Parole, supra*).

In light of the foregoing, we do not reach the parties' other contentions. Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.