■ In the Matter of LARRY GALBREITH, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant. [871 NYS2d 696]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated June 19, 2007, denying the petitioner's application to be released to parole, the appeal is from a judgment of the Supreme Court, Orange County (Alessandro, J.), dated May 29, 2008, which granted the petition, annulled the determination, and remitted the matter to the New York State Division of Parole for a new hearing.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

A parole determination may be set aside only where the parole board's determination to deny an early release evinced "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77 [1980]; see *Matter of Silmon v Travis,* 95 NY2d 470, 476 [2000]; cf. *Matter of Lu Po-Yen v Dennison,* 28 AD3d 770, 771 [2006]). The burden is on the petitioner to make a convincing demonstration of entitlement to such relief (see *Matter of McLain v New York State Div. of Parole,* 204 AD2d 456 [1994]). The petitioner failed to satisfy that burden here.

The Supreme Court determined that the New York State Board of Parole (hereinafter the Board) erred by not consider-

ing the sentencing minutes because those minutes contained a recommendation by the sentencing court (*see* Executive Law § 259-i [1] [a]; *Matter of Edwards v Travis,* 304 AD2d 576 [2003]). Examination of those minutes, however, reveals that the sentencing court made no recommendation. Under the circumstances here, the Board's failure to consider the sentencing minutes did not prejudice the petitioner (*see Matter of Schettino v New York State Div. of Parole,* 45 AD3d 1086, 1087 [2007]).

Review of the hearing transcript and the Board's written decision reveals that the Board considered the proper factors and adequately set forth its reasons for denying the petitioner's application for release (*see Matter of Siao-Pao v Dennison,* 11 NY3d 777, 778 [2008]). Consequently, the Board's determination does not exhibit "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole,* 50 NY2d at 77). Spolzino, J.P., Fisher, Miller and Carni, JJ., concur.