People v Goodwin (2018 NY Slip Op 01800)





People v Goodwin


2018 NY Slip Op 01800


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


345 KA 17-01727

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AMOS R. GOODWIN, DEFENDANT-APPELLANT. 






BRUCE R. BRYAN, SYRACUSE, FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered April 6, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We note at the outset that defendant's purported waiver of the right to appeal is not valid inasmuch as "the perfunctory inquiry made by [County] Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Beaver, 128 AD3d 1493, 1494 [4th Dept 2015] [internal quotation marks omitted]; see People v Elmer, 19 NY3d 501, 510 [2012]; People v Banks, 125 AD3d 1276, 1277 [4th Dept 2015], lv denied 25 NY3d 1159 [2015]).
Although defendant's contention that the court erred in denying his preplea request for an adjournment to enable him to retain new counsel "survives his guilty plea inasmuch as the right to counsel of one's choosing is so deeply intertwined with the integrity of the process in [the court] that defendant's guilty plea is no bar to appellate review' " (People v Booker, 133 AD3d 1326, 1327 [4th Dept 2015], lv denied 27 NY3d 1149 [2016], quoting People v Griffin, 20 NY3d 626, 630 [2013]; see generally People v Hansen, 95 NY2d 227, 230-231 [2000]), we conclude that it lacks merit. It is well settled that "the constitutional right to [a defense] by counsel of one's own choosing does not bestow upon a criminal defendant the absolute right to demand that his trial be delayed while he selects another attorney to represent him at trial . . . Whether a continuance should be granted is largely within the discretion of the [t]rial [court]" (People v Arroyave, 49 NY2d 264, 271 [1980]; see People v Robinson, 132 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1005 [2016]). Under the circumstances of this case, we conclude that defendant was not denied the right "to retain counsel of his own choosing and the . . . court did not abuse its discretion in denying defendant's request to delay the [impending suppression hearing and scheduled] trial" (People v Michalek, 195 AD2d 1007, 1008 [4th Dept 1993], lv denied 82 NY2d 807 [1993]; see Booker, 133 AD3d at 1327; Robinson, 132 AD3d at 1409).
To the extent that defendant's further contention that his guilty plea was not knowing, voluntary, and intelligent is preserved for our review by his motion to withdraw his plea (see People v Johnson, 23 NY3d 973, 975 [2014]; cf. People v Gibson, 140 AD3d 1786, 1787 [4th Dept 2016], lv denied 28 NY3d 1072 [2016]), we conclude that it is without merit. Defendant's assertion that he was not afforded sufficient time to discuss the plea with defense counsel is belied by the record, which establishes that the court granted defendant's request for a recess for that purpose and that defendant thereafter confirmed that he had discussed the matter with defense counsel and never indicated that he needed more time (see People v Spates, 142 AD3d 1389, 1389 [4th Dept 2016], lv denied 28 NY3d 1127 [2016]). In addition, "the fact that [*2]defendant was required to accept or reject the plea offer within a short time period does not amount to coercion" (People v Carr, 147 AD3d 1506, 1507 [4th Dept 2017], lv denied 29 NY3d 1030 [2017] [internal quotation marks omitted]). Contrary to defendant's further contention, the record establishes that the court accurately advised him of the rights that he was forfeiting by pleading guilty and that he had a full understanding of the consequences of the plea (see People v Sougou, 26 NY3d 1052, 1055-1056 [2015]; People v Stimus, 100 AD3d 1542, 1542 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]). Furthermore, to the extent that defendant contends otherwise, we conclude that the court did not abuse its discretion in denying his motion to withdraw his guilty plea inasmuch as his " conclusory and unsubstantiated claim of innocence is belied by his admissions during the plea colloquy' " (People v Roberts, 126 AD3d 1481, 1481 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]).
Defendant further contends that he was denied effective assistance of counsel, which also established that his plea was involuntary, because he did not have sufficient communication with defense counsel prior to forgoing the suppression hearing in favor of pleading guilty, defense counsel did not adequately advise him about the nature and consequences of the plea, and defense counsel was unprepared for the suppression hearing. Defendant's contention survives his guilty plea "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance' " (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]). Here, however, defendant's contention " involve[s] matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL article 440' " (id. at 1536; see People v Atkinson, 105 AD3d 1349, 1350 [4th Dept 2013], lv denied 24 NY3d 958 [2014]). To the extent that defendant's contention is reviewable on direct appeal, we conclude that it lacks merit inasmuch as he "received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016], quoting People v Ford, 86 NY2d 397, 404 [1995]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court